ORDERED in the Southern District of Florida on _Sept 26, 2007_



_____
John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

PATRICK POWER CORP.,                                   Case No.  06-12423-BKC-JKO

    Debtor.                                            Chapter 7
_____/
KENNETH A. WELT, as Trustee for
PATRICK POWER CORP.

    Plaintiff,
vs.                                                    Adv. Pro. No.  07-01175-BKC-JKO

CHUB CAY CLUB ASSOCIATES, LTD.,

    Defendant and Third-Party
    Plaintiff.
_____/
JAMES P. DRISCOLL, JOAN C. DRISCOLL,
CHINA LIGHT, LTD., and
DRISCOLL BAHAMAS, LTD.

    Third-Party Defendants.
_____/

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISQUALIFY
COUNSEL FOR THIRD-PARTY PLAINTIFF CHUB CAY CLUB ASSOCIATES, LTD.**

**THIS** adversary proceeding came on for consideration on August 13, 2007, on Third-Party Defendants'(collectively, "Driscoll") Motion (the "Motion") [DE 21] to Disqualify Counsel for Third-Party Plaintiff Chub Cay Club Associates, Ltd. ("Chub Cay"). After reviewing the Motion it is clear to the Court that the relief sought is not available under applicable law.

### Background

Driscoll seeks to disqualify the firm of Rice Pugatch Robinson Schiller, P.A., and its individual lawyers Chad P. Pugatch, Lorraine Wong, and Arthur Rice (collectively, "Rice Pugatch") on the asserted grounds that some of the Rice Pugatch lawyers had previously represented the Debtor, Patrick Power Corporation, and its principal, Third-Party Plaintiff James P. Driscoll, in prior litigation, and that Rice Pugatch's representation of Chub Cay in this litigation would create an appearance of impropriety which Driscoll contends is prohibited under the Rules Regulating The Florida Bar.

Rice Pugatch counters on both factual and legal grounds. First, Rice Pugatch contends that the firm's representation of Patrick Power and James P. Driscoll in prior state court litigation "was limited to defending Driscoll and PPC in one motion, the *Motion for Impleader of Third Parties Patrick Power Corporation and James P. Driscoll ("Motion for Impleader"),* and said argument was confined to jurisdictional arguments regarding standing and requirements for impleader." The firm contends that soon after the state court granted the Motion for Impleader, its clients Patrick Power and James P. Driscoll terminated the representation. Issues which arose later in the state court litigation which may bear some relation to the litigation pending before me were simply not reached by the time Rice Pugatch's representation ended, and that despite its request for documents and other

information regarding the potential substantive claims later asserted in the state court, Rice Pugatch had never received any such information. Thus, Rice Pugatch contends that its prior representation of Patrick Power and James P. Driscoll was in no sense "substantially related" to the issues in this adversary proceeding.

Second, Rice Pugatch contends that the "appearance of impropriety" standard which is asserted by Driscoll as the basis for the firm's disqualification here is not applicable.

### Discussion

There is a "constitutionally based right to counsel of choice" in civil as well as criminal cases, but that right is not absolute. *In re BellSouth Corporation*, 334 F.3d 941, 955 (11th Cir. 2003). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Id.* A disqualification order "is a harsh sanction, often working substantial hardship on the client" and should therefore "be resorted to sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n. 4 (11th Cir. 1982). Thus, the movant in a motion to disqualify bears the burden of proving the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (*citing Duncan v. Merrill Lynch*, 646 F.2d 1020, 1028 (5th Cir. Unit B 1981), rev'd on other grounds, *Gibbs v. Paluk*, 742 F.2d 181, 185 (5th Cir. 1984)).

In accord with the recent Eleventh Circuit opinion arising out of a motion to disqualify counsel in *Herrmann v. Gutterguard, Inc.*, 199 Fed. Appx. 745 (11th Cir. 2006), these motions are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Members of the bar of this Court are governed in their professional conduct by the Model Rules of Professional Conduct as modified by the Supreme Court of Florida. *See* S.D. Fla. Bankr. Local Rule 2092-2(D). Florida, in turn, has adopted the Model Rules of Professional

-3-

Responsibility and subsequent judicial decisions interpreting those rules and standards, govern the professional conduct of members of The Florida Bar and are set forth in the Rules Regulating The Florida Bar. Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties. See *FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995); *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994).

The controlling standard in Florida for the disqualification of counsel is specifically governed by *Bar Rules* 4-1.9 and 4-1.10. *Bar Rule* 4-1.9 reads:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or
>
> (b) use information relating to the representation to the disadvantage of the former client except as *rule* 4-1.6 would permit with respect to a client or when the information has become generally known.

Fla. Bar Reg. R. 4-1.9 (2007). Florida courts have noted the application of this Bar Rule creates an "irrefutable presumption that confidences were disclosed" between the client and the attorney. *Health Care & Ret. Corp. of America, Inc. v. Bradley*, 944 So. 2d 508, 511 (Fla. 4th DCA 2006); citing *Gaton v. Health Coal., Inc.*, 745 So. 2d 510, 511 (Fla. 3d DCA 1999). This presumption protects the client from disclosure of confidences by the attorney and also recognizes the "difficulty of proving that confidential information useful to the attorney's current client was given to the attorney." *State Farm Mut. Auto. Ins. Co. v. K.A.W.*, 575 So. 2d 630, 634 (Fla. 1991). However, disqualification is not required merely because this irrefutable presumption of confidence is in place. Instead, the party moving to disqualify opposing counsel must also show that "the matter in which

the law firm subsequently represented the interest adverse to the former client is the same matter or substantially similar to the matter in which it represented the former client." *Junger Util. & Paving Co. v. Myers*, 578 So. 2d 1117, 1119 (Fla. 1st DCA 1989); *see also State Farm*, 575 So. 2d *at* 633.

In 2006, the Florida Supreme Court approved amendments to the Comment for *Rule* 4-1.9 that narrowly defined the concept "substantially related":

> Matters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client. For example, a lawyer who has previously represented a client in securing environmental permits to build a shopping center would be precluded from representing neighbors seeking to oppose rezoning of the property on the basis of environmental considerations; however, the lawyer would not be precluded, on the grounds of substantial relationship, from defending a tenant of the completed shopping center in resisting eviction for nonpayment of rent.

*In re Amendments to the Rules Regulating The Florida Bar*, 933 So. 2d 417, 445 (Fla. 2006).

Another standard for disqualification is said to arise under the appearance of impropriety. Under Canon 9 of the old Code of Professional Conduct the appearance of impropriety was admonished. Under this former rule, the Eleventh Circuit adopted a two-prong test to determine whether the appearance of impropriety warranted disqualification of counsel. The test requires that, (1) "there must exist a reasonable possibility that some specifically identifiable impropriety did in fact occur;" and (2) "the likelihood of public suspicion or obloquy must outweigh the social interests that will be served by the attorney's continued participation in the case." *Norton*, 689 F.2d 938 (11th Cir. 1982). *See also Metrahealth Ins. Co. v. Anclote Psychiatric Hosp., Ltd.*, 961 F. Supp. 1580, 1583 (M.D. Fla. 1997). In *Herrmann*, the Eleventh Circuit held that the *Norton* test only applies when the Court bases disqualification on the appearance of impropriety. 199 Fed. Appx. at 753. If

-5-

the appearance of impropriety is not recognized by the state rules governing the bar, then the "court [is] under no obligation to perform the *Norton* balancing test." *Id. at* 754.

The Motion looks to a *Norton* test analysis as the basis for disqualification. Based on Driscoll's Memorandum of Law in the Motion, it is hard to fathom where counsel finds any Florida legal prohibition on the appearance of impropriety to be so definite as to imply that "any doubt is to be resolved in favor of disqualification." Contrary to this assertion, Driscoll's counsel misquoted the Florida Supreme Court's ruling in *State Farm Mut. Auto. Ins. Co. v. K.A.W.*, 575 So. 2d 630 (Fla. 1991). Under the *State Farm* ruling, it is not clear that the appearance of impropriety standard has survived Florida's adoption of the Model Rules, and if it has survived, that the standard has any practical application.

The Florida Supreme Court in *State Farm* adopted the analysis of the court in *Junger Utility & Paving Co. v. Myers*, 578 So.2d 1117 (Fla. 1st DCA, Nov. 15, 1989), finding "[t]he Rules of Professional Conduct requiring confidentiality serve the same purposes as the confidentiality requirements of the [old] Code of Professional Responsibility." 575 So. 2d *at* 633. In *Junger*, the Court held that "[a]lthough the new Rules do not contain the express language of Canon 9 and its explanatory ethical considerations regarding the avoidance of even the appearance of impropriety, this fact does not persuade us that they are no longer pertinent." 578 So.2d 1117, 1119 n1. However, the relevant legal analysis used by both the *State Farm* and *Junger* courts comports with *Bar Rule* 4-1.9 that does not involve an appearance of impropriety analysis. In *Junger* the court stated:

> To disqualify a private law firm from representing a party whose interests are adverse, the former client need show only that an attorney-client relationship existed, thereby giving rise to the irrefutable presumption that confidences were disclosed during the course of that relationship, and that the matter in which the law firm subsequently represented the interest

adverse to the former client is the same matter or substantially similar to the matter in which it represented the former client.

578 So.2d *at* 1119.

Driscoll argues in the Motion that this Court has "broad discretion" in deciding motions for disqualification and any doubt should be resolved in favor of disqualification. Contrary to this conclusory assertion, the Eleventh Circuit has clearly held that "the court may not simply rely on a general inherent power to admit and suspend attorneys," but, "must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction." *Herrmann* 199 Fed. Appx. *at* 752 (*citing Schlumberger Techs., Inc. v. Wiley*, 113 F. 3d 1553, 1561 (11th Cir. 1997). Further, the comment to *Rule* 4-1.9 indicates that the *Rule* should not be broadly understood to favor disqualification:

> . . .a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client.

Fla. Bar Reg. R. 4-1.9 (2007), see also *Health Care & Ret. Corp. of America, Inc. v. Bradley*, 2007 Fla. App. LEXIS 11403, 3-4 (Fla. 4th DCA July 25, 2007).

Even if some semblance of a standard of the appearance of impropriety remains in Florida, the work done by Chub Cay's counsel for Driscoll is so attenuated that no reasonable person informed of the relevant facts could conclude that Rice Pugatch's representation of Chub Cay in this litigation would create an appearance of impropriety. Further, the conclusory allegations in the Motion, which appear to be unfounded (*see* Response In Opposition to Motion to Disqualify Counsel for Third Party Plaintiff, Chub Cay Club Associates, Ltd. [DE 29] and supporting exhibits), do not

come close to satisfying the burden placed on the movant. It is for the stated reasons that the Motion must be denied.

I am particularly troubled that Driscoll's counsel, Aleida Martinez Molina,[1] appears to have misrepresented the controlling legal standard and has purported to quote language from *State Farm* case which does not appear in that decision. This not only shows an unfortunate level of incompetence but also appears to constitute an attempt to mislead the court as to the appropriate legal standard. Any party to this adversary proceeding who wishes me to consider the imposition of sanctions for such conduct shall promptly file an appropriate pleading seeking sanctions.

Based upon the foregoing, it is **ORDERED**:

1.      Third-Party Defendant Driscoll's Motion to Disqualify Counsel for Third-Party Plaintiff Chub Cay Club Associates, Ltd [DE 21] is **DENIED**. In the event that Driscoll, through new counsel, wishes to pursue the issue of disqualification of Rice Pugatch, they shall file and serve a renewed motion on or before October 10, 2007. If no such motion is timely filed, the relief sought in the Motion shall be deemed denied with prejudice.

2.      Any party who wishes the Court to consider the imposition of sanctions arising from the filing of the Motion shall file a motion seeking such sanctions no later than ten days from the date of this Order.

###

Copies to:

Aleida Martinez Molina, Esquire
Gregory M. Garno, Esquire
Lorraine Wong, Esquire
Jimmy D. Parrish, Esquire

---

[1] Ms. Martinez Molina has been succeeded in the case by new counsel for Driscoll.

-8-